UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>                Plaintiff,<br><br>v.<br><br>JUSTIN CONN et al.,<br><br>                Defendants. | Case No.: 22cv1806<br><br>**ORDER DENYING EMERGENCY MOTION TO COMPEL DISCOVERY [Doc No. 17]** |

      Before the Court is plaintiff James Linlor's Emergency Motion to Compel Discovery of Videos to Protect Plaintiff's Child (the "Motion"), through which plaintiff seeks an order compelling the production of certain security footage and requiring defendants and their counsel to meet-and-confer with him. *See* Doc. No. 17. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless the Federal Rules of Civil Procedure provide for early discovery, the parties so stipulate, or a court orders early discovery. *See* Fed. R. Civ. P. 26(d)(1). Even if plaintiff propounds early document requests under Rule 34, such requests are deemed served at the first Rule 26(f) conference. *See id.* R. 26(d)(2). Rule 26(f) conferences are ordinarily held no later than 21 days prior to the scheduling conference. *Id.* Rule 26(f)(1). Requests for expedited discovery generally require a showing of "good cause." *See Semitool, Inc. v. Tokyo Electron Am.,*

*Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

Plaintiff argues defendants are in possession of security video footage that would help plaintiff identify "child molesters," which would thus enable plaintiff to "be on the lookout" for those "child molesters." Doc. No. 17 at 2-3. Plaintiff does not indicate that he has actually propounded discovery requests, met and conferred as required by Court rules prior to filing the Motion, or otherwise articulated the need to order expedited discovery. However, mindful of the requirement to favorably construe *pro se* pleadings, the Court construes plaintiff's filing as a request for leave to propound early discovery. The Court is not aware of any legal authority explicitly supporting the issuance of expedited discovery on facts like these, and as stated, plaintiff has brought none to the Court's attention. Further, plaintiff has not shown how the "administration of justice" requires expedited discovery here. The Local Rules of this District provide for an Early Neutral Evaluation and Case Management Conference to be scheduled if and when an Answer is filed. *See* Civ. L. R. 16.1(c)-(d). At such time that the Early Neutral Evaluation in this matter is scheduled, the Court will order the parties to meet and confer as required by Rule 26(f), which will trigger the commencement of discovery in this matter. Plaintiff's emergency motion does not set forth a basis for deviation from that default schedule. The Motion is accordingly **DENIED**.

Dated: January 30, 2023

Hon. Karen S. Crawford
United States Magistrate Judge