UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JUSTIN CONN, in his individual capacity; LEONARD FLETES, in his individual capacity; and JOHN DOES 1–5,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-1806-RBM-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S EX PARTE MOTION TO NAME AND ADD PREVIOUSLY UNKNOWN JOHN DOE #1;**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE; AND**<br><br>**(3) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, AND REQUEST FOR ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT.**<br><br>(Docs. 6, 7, 8) |

Presently before the Court is Plaintiff James Linlor's ("Plaintiff") Ex Parte Motion to Name and Add Previously Unknown John Doe #1 as True Name Lori Lynn Branson

1

("Motion"). (Doc. 8.) In the Motion, Plaintiff seeks the Court's leave to amend the Complaint to "change Defendant John Doe #1 to Lori Lynn Branson." (*Id.* at 2.) Defendants Justin Conn and Leonard Fletes ("Defendants") filed an Opposition to the Motion ("Opposition"). (Doc. 11.) For the reasons discussed below, Plaintiff's Motion is **<u>GRANTED</u>**.

## I.     BACKGROUND

Plaintiff's Complaint was filed on November 17, 2022. (Doc. 1.) On December 8, 2022, Defendants filed a Motion to Dismiss the Complaint, Motion for a More Definite Statement, and Request for an Order Declaring Plaintiff a Vexatious Litigant ("Motion to Dismiss"). (Doc. 6.) Plaintiff subsequently filed a Motion to Strike on December 28, 2022 arguing Defendants failed to serve Plaintiff with their Motion to Dismiss and, thus, Defendants' Motion to Dismiss should be stricken for lack of notice. (*See* Doc. 7.) Also on December 28, 2022, Plaintiff filed the instant Motion requesting leave "to name and change Defendant John Doe #1 to Lori Lynn Branson." (Doc. 8 at 2.)

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). FED. R. CIV. P. 15(a)(1). Otherwise, under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See U.S. for Benefit & Use of Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, leave is generally granted unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.   DISCUSSION

Here, Defendants' Motion to Dismiss was filed on December 8, 2022.  (*See* Doc 6.) If Plaintiff had been served with the Motion to Dismiss at that time, Plaintiff could have amended his Complaint as a matter of course until December 29, 2022.  *See* FED. R. CIV. P. 15(a)(1).  Instead, on December 28, 2022, Plaintiff filed the instant Motion seeking the Court's leave to add Lori Lynn Branson as a named defendant.

Plaintiff claims that he has not been served with the Motion to Dismiss, and he has moved to strike the Motion to Dismiss on that basis.  (*See* Doc.10 at 4.)  Defendants, on the other hand, attest that they mailed a copy of the Motion to Dismiss to an address specified by Plaintiff (a P.O. Box in Nevada), but the mail was later returned as unclaimed.  (Doc. 12 at 2.)  Defendants also attempted to fax Plaintiff a request for an alternate physical address for service, but a machine error prevented delivery of the message.  (*Id.* at 8–9.) Despite Defendants' apparent diligence, it is unclear to the Court whether Plaintiff has been served with the Defendants' Motion to Dismiss.  Consequently, it is not clear whether Federal Rule of Civil Procedure 15(a)(1)'s 21-day deadline was ever triggered.

Such a determination, however, is unnecessary, as the Court finds that good cause exists to grant Plaintiff's Motion.  Importantly, even if Plaintiff had been served on the same day that the Motion to Dismiss was filed, Plaintiff could have amended the complaint as a matter of right and added the named defendant on the date he filed the instant Motion. Considering the leniency typically afforded pro se litigants, who are often unfamiliar with the technicalities of the Federal Rules of Civil Procedure, this fact weighs heavily in favor of granting leave to amend.  *See, e.g.*, *Haines v. Rowe*, 449 U.S. 5, 9 (1980) (discussing less stringent pleading standard applicable to pro se litigants) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (when an action is filed by a pro se litigant, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt").

Defendants argue that Plaintiff should not be allowed to add Lori Lynn Branson as a named defendant because the Complaint contains no allegations against her. (Doc. 11 at 8–9.) However, the Court finds that an amended complaint could conceivably state a claim against Lori Lynn Branson. Therefore, the Court is not convinced that granting leave to amend the Complaint is futile at this time. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim"), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment'"). Defendants present no alternative basis for denying Plaintiff's Motion, and the Court harbors no other concerns that would warrant denying the Motion.

## IV.   CONCLUSION

Given the Ninth Circuit's liberal policy in favor of granting leave to amend, as well as the fact that Plaintiff could have amended his Complaint as a matter of course on the date the instant Motion was filed, the Court **GRANTS** Plaintiff's Motion. Plaintiff shall file the amended complaint **within thirty (30) days** of the electronic docketing of this Order. Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not realleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").

Since the Court has granted Plaintiff leave to file an amended complaint, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss (Doc. 6) and Plaintiff's Motion to Strike (Doc. 7).

Finally, the Court harbors significant concerns, in light of the exhibits attached to Defendants' Motion to Dismiss, Defendants' opposition to Plaintiff's Motion to Strike, and Defendants' reply in support of their Motion to Dismiss, that Plaintiff may be evading service by refusing to be served by e-mail or fax and not claiming mail sent by Defendants to the P.O. box address on file.  Accordingly, Plaintiff **SHALL FILE**, **within fourteen (14) days** of the date of this Order, a Notice providing both this Court and Defendants a mailing address at which he regularly can receive service.  Civil Local Rule 83.11 provides:

> A party proceeding pro se must keep the Court and opposing parties advised as to current address.  If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.

Accordingly, failure to maintain a physical address at which service may be made, or failure to retrieve filings served at a listed address, could result in adverse rulings, including dismissal of the case.  *See* S.D. Cal. Civ. L.R. 41.1(b) ("[f]ailure to comply with the provisions of the local rules of this court may also be grounds for dismissal under this rule"). Should Plaintiff fail to timely file a Notice in compliance with this Order, the Court will entertain a motion to approve alternate means of service.

**IT IS SO ORDERED.**

DATE:  April 28, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE