UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>              Plaintiff,<br><br>v.<br><br>JUSTIN CONN, in his individual capacity; LEONARD FLETES, in his individual capacity; and JOHN DOES 1–5,<br><br>              Defendants. | Case No.: 22-cv-1806-RBM-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE ACTION BASED UPON PLAINTIFF'S FAILURE TO FILE AN AMENDED COMPLAINT AND FOLLOW PREVIOUS COURT ORDERS**<br><br>**[Doc. 27]** |

Presently before the Court is Defendants Justin Conn, Leonard Fletes, and Lori Branson's ("Defendants") Motion to Dismiss the Action Based Upon Plaintiff's Failure to File an Amended Complaint and Follow Previous Court Orders ("Motion"). (Doc. 27.) For the reasons discussed below, Defendants' Motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff James Linlor ("Plaintiff") filed his initial Complaint on November 17, 2022. (Doc. 1.) On December 8, 2022, Defendants filed a Motion to Dismiss the Complaint, Motion for a More Definite Statement, and Request for an Order Declaring Plaintiff a Vexatious Litigant. (Doc. 6.) Plaintiff subsequently filed a Motion to Strike on December

28, 2022 arguing Defendants failed to serve Plaintiff with their Motion to Dismiss and, thus, Defendants' Motion to Dismiss should be stricken for lack of notice. (*See* Doc. 7.) Also on December 28, 2022, Plaintiff filed an ex parte motion requesting leave "to name and change Defendant John Doe #1 to Lori Lynn Branson." (Doc. 8 at 2.)

In response to the foregoing, on April 28, 2023, the Court issued an order: (1) granting Plaintiff's Ex Parte Motion to Name and Add Previously Unknown John Doe #1, (2) denying as moot Plaintiff's Motion to Strike, (3) denying as moot Defendants' Motion to Dismiss the Complaint, Motion for a More Definite Statement, and Request for an Order Declaring Plaintiff a Vexatious Litigant. (Doc. 21.) The Court acknowledged confusion as to whether Plaintiff was actually served with Defendants' Motion to Dismiss and expressed concern that Plaintiff may be evading service. (*Id.* at 3–5.) However, in considering Plaintiff's status as a pro se litigant, the Court granted Plaintiff thirty (30) days to file an amended complaint and required Plaintiff to file a notice within fourteen (14) days providing both the Court and Defendants a mailing address at which he regularly can receive service. (*Id.* at 4–5.)

On May 31, 2023, Plaintiff filed a "Motion for Leave to Extend Response Time and File a First Amended Complaint" requesting the Court grant Plaintiff an additional thirty (30) day extension to file an amended complaint and serve additional parties. (Doc. 22.) On June 13, 2023, the Court issued an order granting the request ("Order") and allowed Plaintiff twenty-one (21) days within which to file an amended complaint and ordered Plaintiff to file within fourteen (14) days a notice providing the Court and Defendants a mailing address at which Plaintiff can regularly receive mail. (Doc. 26 at 4.) Additionally, the Court cautioned Plaintiff that no further requests for extensions of time would be granted absent extraordinarily good cause and warned that failure to maintain a physical address at which service may be made, or failure to retrieve filings served at a listed address, may result in adverse rulings, including dismissal of the case. (*Id.* at 3–4.) To date, Plaintiff has failed to file an amended complaint.

Accordingly, on September 8, 2023, Defendants filed the instant Motion requesting

the Court dismiss Plaintiff's Complaint. (Doc. 27.) Defendants contend Plaintiff has not complied with the Court's Order since Plaintiff has failed to file an amended complaint and failed to provide a physical mailing address to Defendants and the Court. (*Id.*)

## II.   DISCUSSION

In dismissing an action for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), the Court weighs the following factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. FED. R. CIV. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first and second factors weigh in favor of dismissal because Plaintiff's failure to file an amended complaint by the deadline set by this Court has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. *See Pagtalunan*, 291 F.3d at 642 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.") (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants."). Moreover, the third factor weighs in favor of dismissal because Plaintiff has failed to rebut the presumption that Defendants have been prejudiced by the instant delay. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he law presumes injury from unreasonable delay.") (quotations omitted). This matter was filed almost a year ago, on November 11, 2022, and Defendants have not been afforded an adequate opportunity to respond to the allegations due to Plaintiff's continued delays.

The fifth factor also weighs in favor of dismissal because the Court has given Plaintiff ample opportunity to file an amended complaint and present its allegations against Defendants. Plaintiff was granted two opportunities to amend his complaint and, as aforementioned, the original Complaint was filed almost a year ago. *See Ferdik*, 963 F.2d

at 1262 ("the fact that the district court first allowed [the plaintiff] an additional thirty days in which to amend his complaint" and the district court's warning that his failure to obey the court's order will result in dismissal constituted an "attempt at a less drastic sanction to that of outright dismissal"); *Hastings v. Hutchens*, 2020 WL 5350337, at *2 (C.D. Cal. Sept. 4, 2020) ("Although pro se plaintiffs are given more leeway than represented parties, that leeway is not inexhaustible."). In regard to the fourth factor, the Court finds that the public policy favoring disposition of cases on their merits does not outweigh the other factors favoring dismissal. *Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."); *see Seals v. Los Angeles Unified Sch. Dist.*, No. CV1810104CBMJEMX, 2020 WL 13609236, at *2 (C.D. Cal. Sept. 18, 2020), *aff'd,* 859 F. App'x 781 (9th Cir. 2021).

Additionally, the Court notes it specifically cautioned Plaintiff that no further requests for extensions of time would be granted. (*See* Doc. 26 at 3–4 ("Plaintiff is cautioned that no further requests for extensions of time will be granted absent extraordinarily good cause.").) While the Court is mindful of Plaintiff's position as a pro se litigant, the Court has granted ample opportunity for Plaintiff to present his claims, and he has failed to comply with the Court's Order. (*See* Doc. 26); *see also* S.D. Cal. Civ. L.R. 41.1(b) ("Failure to comply with the provisions of the local rules of this court may also be grounds for dismissal under this rule."); *Williams v. Yanez*, No. 20CV738-CAB-DEB, 2021 WL 242983, at *1 (S.D. Cal. Jan. 25, 2021) ("District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules."); *Ferdynand v. Disney Enterprises*, No. 3:21-CV-50-JLS (JLB), 2021 WL 1081135, at *1 (S.D. Cal. Feb. 26, 2021) ("Pro se litigants are generally bound to comply with the Court's Local Rules and any order of the Court.").

Accordingly, these considerations weigh in favor of dismissal of this action. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a

court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits.").

### III.     CONCLUSION

Based on the foregoing, Defendants' Motion is **GRANTED**, and this action is dismissed for failure to comply with the Court's Order pursuant to Federal Rule of Civil procedure 41(b).

**IT IS SO ORDERED.**

DATE: October 3, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE